## VAN COPPENOLLE v. CITY OF DETROIT.

1. MANDAMUS—DISCRETIONARY WRIT—DISCRETION OF COURT—NOT GRANTED TO WORK INJUSTICE.

   One seeking the writ of mandamus must abide by the rules relating thereto, namely, that it is a writ of discretion and not of right; does not lie to review the exercise of judicial discretion; and is not granted to work an injustice.

2. PENSIONS—FAITHFUL PERFORMANCE OF PUBLIC SERVICE.

   It is an implied condition of employment that, to vest an employee in the public service with a right to a pension provided by a legislative body, the duties of the employee shall have been faithfully performed.

3. SAME—DEDUCTIONS FROM SALARY.

   Deductions from salary do not create a vested right to a pension.

4. SAME—POLICEMAN—CONSPIRACY TO VIOLATE GAMBLING LAWS—FRAUD.

   Administratrix of estate of member of police department who had retired after completion of number of years of service required by city charter before being eligible to a pension was not entitled to pension from city either until date of death of employee or until his conviction on charge of conspiracy to violate the gambling laws, since his misconduct is tantamount to a fraud practiced by him upon the city (Detroit Charter, title 4, chap. 21, § 23).

Appeal from Wayne; Miller (Guy A.), J. Submitted December 28, 1945. (Calendar No. 43,217.) Decided March 4, 1946.

Mandamus by Olga Van Coppenolle, administratrix of the estate of Henry Van Coppenolle, to compel the City of Detroit and others to pay amount of

pension claimed to be due her decedent. Writ denied. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher (Reymont Paul, of counsel), for plaintiff.*

*William E. Dowling*, Corporation Counsel, and *Nathaniel H. Goldstick*, Assistant Corporation Counsel, for defendant.

SHARPE, J. Petitioner is the administratrix of the estate of Henry Van Coppenolle, deceased, and as such seeks a writ of mandamus requiring the city of Detroit, the commissioner of police and the city treasurer to pay to her the unpaid amounts of retirement moneys claimed to be due her under the city charter.

The facts are not in dispute. Petitioner's husband, Henry Van Coppenolle, became a member of the police department of the city of Detroit in June, 1912. He retired in June, 1940. On August 7, 1940, he was indicted for the crime of conspiracy to violate the gambling laws of the State of Michigan. He was convicted June 6, 1942. He appealed from the judgment of conviction and died October 3, 1944. When he was indicted the police commissioner and city treasurer ordered his pension payments stopped.

The mandamus cause came on for trial. No oral testimony was taken on the hearing on the petition, but the record contains the testimony of two witnesses who testified in the criminal case and whose testimony involves plaintiff's intestate. The trial judge entered an order denying plaintiff's petition for writ of mandamus.

Upon leave to appeal being granted, plaintiff appeals and urges that neither the police commissioner nor any other city official possessed the authority to

cause the name of plaintiff's intestate to be taken off the pension roll and his pension discontinued. It is also urged that plaintiff's intestate was entitled to a pension until the date of his death or, in the alternative, until such time as he was convicted for violation of the gambling laws of the State of Michigan.

The charter of the city of Detroit, title 4, chap. 21, § 23, provides:

"Whenever any member of the police force shall have been in the employ of the police department for a period of 25 years the commissioner shall, upon the application of the member, place the applicant on the list of retired policemen excepting therefrom any person who is not engaged continuously in actual police duty."

Defendants urge that plaintiff's intestate, having accepted bribes from gamblers while inspector of police, was not engaged continuously in actual police duty and was not entitled to be placed upon the pension rolls.

In his opinion denying the writ of mandamus, the trial judge stated:

"The charges are of such nature that had they been made to the police commissioner during the time before his retirement he would have been subject to dismissal from the force. The reason why this action was not taken was because his misconduct was not known. He not only took bribes but he concealed the fact that he was taking bribes. His representatives are now here in this court asking for a large amount of money when he was guilty of concealment of conduct which would (have) necessarily resulted in his dismissal. Had he been so dismissed he would not have been entitled to any retirement pension. His concealment of his misconduct is tantamount to a fraud practiced by

him upon the city of Detroit. His estate is now here seeking to profit in this action by that fraud.''

In seeking a writ of mandamus, plaintiff must abide by the rules relating thereto, namely, that such writ is one of discretion and not of right; that it does not lie to review the exercise of judicial discretion; nor should it be granted when it would work an injustice. We find no case in Michigan directly in point, but the courts of other States have expressed themselves in cases where the issue involved was similar to the issue in the case at bar.

In *People, ex rel. Hardy,* v. *Greene,* 87 App. Div. 589 (84 N. Y. Supp. 673), the court said:

''The pension roll is a roll of honor—a reward of merit, not a refuge from disgrace; and it would be an absurd construction of the language creating it to hold that the intention of the legislature was to give a life annuity to persons who, on their merits, as distinguished from mere time of service, might be dismissed from the force for misbehavior.''

In *MacIntyre* v. *Retirement Board of the City and County of San Francisco,* 42 Cal. App. (2d) 734 (109 Pac. [2d] 962), the court said:

''Without regard to the time of the vesting of pension rights, it is an implied condition of employment, and hence a condition of such vesting that the duties of the employee shall have been faithfully performed.''

In *Walter* v. *Police & Fire Pension Commission of the City of Trenton,* 120 N. J. Law, 39 (198 Atl. 383), the court said:

''Deductions from salary, moreover, create no vested right to a pension. *Bader* v. *Crone,* 116 N. J. Law, 329 (184 Atl. 346). A pension is, in effect, but the taxpayers' reward, given pursuant to legislative mandate, for honest and efficient service.

*Plunkett* v. *Board of Pension Commissioners of the City of Hoboken,* 113 N. J. Law, 230 (173 Atl. 923); affirmed 114 N. J. Law, 273 (176 Atl. 341). To bestow that reward upon one whose record of public service is marred by a conviction for malfeasance in office would be to place a premium upon dishonesty and inefficiency; to burden the taxpayer with the necessity of providing for one who has betrayed the trust imposed upon him. Such a result will never be countenanced by any word, act, or judgment of this court."

See, also, *Douglas* v. *Pension Board of the City of Sacramento,* 75 Cal. App. 335 (242 Pac. 756).

We are in accord with the above authorities and the reasoning of the trial judge. To grant the writ of mandamus under the facts in this case would result in a lowering of public morals and place a premium on departmental inefficiency.

Denial of the writ is affirmed, with costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.