ADVISORY OPINION *re* CONSTITUTIONALITY OF 1972 PA 258

1. CONSTITUTIONAL LAW—PENSIONS—STATES—POLITICAL SUBDIVISIONS
   —CONTRACTS—VESTED RIGHT.

   Obviating the harsh rule that pensions granted by public authorities were not contractual obligations but gratuitous allowances which could be revoked at will by the authority because the pensioner was not deemed to have had any vested right in their continuation was the intention of the people in adopting a section of an article of the Michigan Constitution providing in part "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby" (Const 1963, art 9, § 24).

2. CONSTITUTIONAL LAW—PENSIONS—STATES—POLITICAL SUBDIVISIONS
   —CONTRACTS—LEGISLATURE.

   Under the Michigan constitutional limitation providing that "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby", the Legislature cannot diminish or impair accrued financial benefits but it may properly attach new conditions for earning financial benefits which have not yet accrued and, even though compliance with the new conditions may be necessary in order to obtain the financial benefits which have accrued, this is not regarded as a diminishment or impairment of such accrued benefits unless the new conditions were unreasonable and hence subversive of the constitutional protection (Const 1963, art 9, § 24).

3. STATUTES—CONSTITUTIONAL LAW—PENSIONS—STATES—POLITICAL
   SUBDIVISIONS—SCHOOL EMPLOYEES—CONTRACTS.

   Statute increasing the contribution of public school employees to a retirement fund from 3% to 5% of their compensation up to $4,200 to equalize their contributions with the contributions of other employees in the retirement system with no accompany-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 60 Am Jur 2d, Pensions and Retirement Funds §§ 47–50.

ing increase in benefits is not violative of the constitutional provision that "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby" (Const 1963, art 9, § 25; 1972 PA 258, § 174).

Request by the Senate for advisory opinion as to constitutionality of 1972 PA 258. Submitted April 3, 1973. (No. 4 April Term 1973, Docket No. 54,-442.) Statute declared constitutional July 24, 1973.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, supporting constitutionality.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George L. McCargar,* Assistant Attorney General, opposing constitutionality.

T. G. KAVANAGH, J. Pursuant to Const 1963, art 3, § 8 we were requested by the Senate to render an opinion on the following question of law:

"Does an employee contribution rate increase of 5% without a corresponding increase in benefits, for Chapter 1 members of the Public School Employees Retirement System, Act No. 136 of the Public Acts of 1945, as amended, being sections 38.270 et seq. of the Compiled Laws of 1948, which increase is provided in section 174 of Act No. 258 of the Public Acts of 1972, being section 388.1274 of the Compiled Laws of 1948, constitute a diminishment of benefits contrary to section 24 of Article 9, Michigan Constitution of 1963; or is the constitutional guarantee applicable only to service rendered prior to January 1, 1964, the effective date of that Constitution?"

By order entered October 25, 1972, we granted

the request and ordered the Attorney General to brief and orally argue both sides of the question.

Const 1963, art 9, § 24 reads:

"Sec. 24. The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby.

"Financial benefits arising on account of service rendered in each fiscal year shall be funded during that year and such funding shall not be used for financing unfunded accrued liabilities."

The certified question was divided into two parts for briefing and argument:

I. Does 1972 PA 258, § 174, constitute a diminishment of benefits in violation of Const 1963, art 9, § 24?

II. Does Const 1963, art 9, § 24, paragraph 1, operate retrospectively?

At the outset, it would appear in order to consider the provision for teacher retirement as it stands before § 174 is to be given effect.

Employees in the public school system in Michigan are all subject to one of three retirement plans. One plan covers employees in the Detroit system. Another plan covers public school employees outside the Detroit system who are eligible for Federal social security on account of their employment in the system. The third plan covers public school employees outside the Detroit system who are not eligible for Federal social security by virtue of their employment in the system.

Those outstate employees who are eligible for Federal social security on account of their employment in the system make contributions to the retirement fund at the rate of 3% of their compen-

sation up to $4,200 and 5% of their compensation over that amount. The net effect of the Legislature is to increase the contribution of such employees from 3% to 5% of their compensation up to $4,200. There is no accompanying increase in benefits for such employees, and accordingly § 174 means simply that those employees will pay an additional $84 per year for the same rights they presently enjoy.

This, then, gives rise to the first question—does this legislation effect a diminishment of benefits in violation of Const 1963, art 9, § 24?

Our answer hinges on our determination of the meaning of the phrase "accrued financial benefits", as it is used in art 9, § 24.

In order to determine what the people had in mind when they adopted Const 1963, art 9, § 24, it is helpful to recall what the state of the law was at that time.

It had long been the general rule that pensions granted by public authorities were not contractual obligations but gratuitous allowances which could be revoked at will by the authority because the pensioner was not deemed to have had any vested right in their continuation. See 54 ALR 943.

Michigan has subscribed to that principle in *Attorney General v Connolly,* 193 Mich 499 (1916), *Brown v Highland Park,* 320 Mich 108 (1948) and *Van Coppenolle v Detroit,* 313 Mich 580 (1946).

In *Brown* and *Van Coppenolle, supra,* retirement benefits of employees were decreased *(Brown)* and terminated, *(Van Coppenolle)* after the employees had completed their prescribed period of employment and had begun to receive retirement benefits.

That it was the intention of the framers of the

constitution to obviate this harsh rule is apparent from the minutes of the convention:

"MR. VAN DUSEN: Mr. Chairman and members of the committee, this proposal by the committee is designed to do 2 things: first, to give to the employees participating in these plans a security which they do not now enjoy, by making the accrued financial benefits of the plans contractual rights. This, you might think, would go without saying, but several judicial determinations have been made to the effect that participants in pension plans for public employees have no vested interest in the benefits which they believe they have earned; that the municipalities and the state authorities which provide these plans provide them as a gratuity, and therefore it is within the province of the municipality or the other public employer to terminate the plan at will without regard to the benefits which have been, in the judgment of the employees, earned.

"Now, it is the belief of the committee that the benefits of pension plans are in a sense deferred compensation for work performed. And with respect to work performed, it is the opinion of the committee that the public employee should have a contractual right to benefits of the pension plan, which should not be diminished by the employing unit after the service has been performed." (1 Official Record, Constitutional Convention 1961, 770–771.)

We are satisfied that such was the intention of the people in adopting it.

Under this constitutional limitation the Legislature cannot diminish or impair accrued financial benefits, but we think it may properly attach new conditions for earning financial benefits which have not yet accrued. Even though compliance with the new conditions may be necessary in order to obtain the financial benefits which have accrued, we would not regard this as a diminishment or impairment of such accrued benefits unless the

new conditions were unreasonable and hence subversive of the constitutional protection.

We do not consider the increase of $84 per year in the contributions to be paid by some employees to equalize their contributions with the contributions of other employees in the retirement system to have the effect of subverting the constitutional provision.

In light of the foregoing we consider it unnecessary to speak to question II.

For these reasons we are of the opinion that 1972 PA 258, § 174 is not violative of Const 1963, art 9, § 24.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, SWAINSON, WILLIAMS, LEVIN, and COLEMAN, JJ., concurred with T. G. KAVANAGH, J.