REQUEST FOR ADVISORY OPINION ON CONSTITUTIONALITY
OF 1975 PA 227

Docket No. 57623. Decided November 25, 1975.

The House of Representatives requested an advisory opinion on
whether chapters 4, 5 and 6 of 1975 PA 227 (Enrolled House
Bill No. 5250), an act to regulate political activity, are constitu-
tional. Section 200 of the act stated that the Supreme Court
"shall rule" on the constitutionality of the chapters. *Held:*

1. The request for an advisory opinion is denied without
prejudice.

2. A request for an advisory opinion must particularize any
claims of unconstitutionality and a request stated too broadly
cannot be considered by the Court.

3. The request was made during the enactment process itself,
whereas the Constitution requires that the request be made
after enactment and before the effective date.

4. Section 200 of 1975 PA 227 is insufficient to invoke the
Court's discretionary power to render an advisory opinion on
the constitutionality of the act.

PER CURIAM. 1975 PA 227 was enacted on Au-
gust 27, 1975. Section 200 states:

"Pursuant to article 3, section 8 of the state constitu-
tion of 1963, the state supreme court shall rule on the
constitutionality of chapters 4, 5, and 6 before January
1, 1976."

On October 16, 1975, the Clerk of the House of
Representatives sent the following letter to the
Chief Justice:

"Enclosed are seven copies of Public Act No. 227 of
1975 (Enrolled House Bill No. 5250). I hereby call your
attention to section 200 on the last page of the bill."

We have construed this as a request for an

advisory opinion and respectfully deny the request without prejudice.

Const 1963, art 3, § 8 provides that:

"Either house of the legislature or the governor may request the opinion of the supreme court on important questions of law upon solemn occasions as to the constitutionality of legislation after it has been enacted into law but before its effective date."

As set forth in a concurring opinion in *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 482–483; 208 NW2d 469 (1973):

"Michigan's Constitution, thus, restricts advisory opinions to

"—important questions of 'law',

"—concerning the 'constitutionality' of legislation,

"—'upon solemn occasions' when requested by either house of the Legislature or the Governor,

"—after the legislation has been enacted into law but before the effective date."

As suggested by the "important questions of law" requirement, the request for an advisory opinion must "particularize any claims of unconstitutionality". *Advisory Opinion re Constitutionality of 1972 PA 294, supra,* 389 Mich 441, 484; *Advisory Opinion re Constitutionality of 1974 PA 242,* 394 Mich 41, 53; 228 NW2d 772 (1975). A request stated too broadly cannot be considered. *Advisory Opinion re Constitutionality of 1974 PA 272,* 393 Mich 916 (1975).

Viewed against what the Constitution requires, § 200 of 1975 PA 227 is insufficient to invoke this Court's discretionary power to render an advisory opinion. The request does not specify the "important questions of law" upon which the House of

Representatives wishes us to speak.[1] In addition, the request was made during the enactment process itself, whereas the Constitution requires that the request be made after enactment and before the effective date.[2]

Since chapters 4, 5, and 6 of 1975 PA 227 have not yet become effective, either House of the Legislature may request an advisory opinion specifying any constitutional questions it wishes us to address.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

[1] In contrast, *see* the specific questions set forth by the Senate in *Advisory Opinion re Constitutionality of 1973 PA 1 and 2,* 390 Mich 166, 172; 211 NW2d 28 (1973), and in *Advisory Opinion re Constitutionality of 1972 PA 258,* 389 Mich 659, 660; 209 NW2d 200 (1973).

[2] This requirement might be satisfied by a resolution of either House after enactment. *See, e.g.,* the Senate Resolution of November 28, 1972, invoking Const 1963, art 3, § 8, to obtain an advisory opinion on three questions concerning 1972 PA 294.