445 A.2d 88

**Edward MILLER,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYEES'
RETIREMENT BOARD, Appellant.**

**Herbert FINEMAN,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYEES'
RETIREMENT BOARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1981.

Decided March 13, 1981.

Reargument Denied May 28, 1982.

Susan J. Forney, Allen C. Warshaw, Deputy Attys. Gen., Harrisburg, for appellant.

Ronald M. Katzman, Harrisburg, for Edward R. Miller.

Howard Gittis, Philadelphia, for Herbert Fineman.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the Order of the Commonwealth Court is affirmed, 411 A.2d 1300.

O'BRIEN, C. J., files an Opinion in Support of Affirmance in which FLAHERTY, J., joins.

NIX, J., files an Opinion in Support of Affirmance.

ROBERTS, J., files an Opinion in Support of Reversal in which LARSEN and KAUFFMAN, JJ., join.

WILKINSON, J., did not participate in the consideration or decision of this case.

ROBERTS and LARSEN, JJ., file a dissent from the denial of reargument.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Chief Justice.

Appellees, former Commonwealth of Pennsylvania employees, filed Petitions for Review invoking the original jurisdiction of Commonwealth Court, naming as respondent the State Employes' Retirement Board (Board). They challenged the constitutionality of the Public Employees Pension Forfeiture Act, Act 1978–140, 43 P.S. § 1311, et seq. (Act 140). Following the close of the pleadings the parties entered into stipulations of fact which provided the basis of subsequent motions for summary judgment. The motions were argued before Commonwealth Court, following which

the Court declared Act 140 unconstitutional as applied to appellees. The Board filed separate Notices to Appeal; the appeals were consolidated in June, 1980.

The stipulations of fact entered into by the parties clearly state that but for the retroactivity provision of Act 140, appellees met all applicable requirements for their pensions. Thus, there is no dispute that the pension entitlement had clearly vested under Pennsylvania law. A long line of Pennsylvania cases state that an employee's relationship with a government entity and its retirement system is contractual in nature. *E.g., Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968); *Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A.2d 233 (1954). "At the time retirement pay becomes a vested right... it has ripened into a full contractual obligation." *McBride v. Allegheny County Retirement Board,* 330 Pa. 402, 405, 199 A. 130, 131 (1938).

Clearly, any attempt, including the retrospective application of Act 140, to terminate appellees' *vested pension benefits* (as stipulated by the parties) works an unconstitutional impairment of the obligation of contract.

I would affirm the Order of the Commonwealth Court.

FLAHERTY, J., joins in this opinion.

## OPINION IN SUPPORT OF AFFIRMANCE

NIX, Justice.

Appellee, Edward Miller, served for 16 years as an employee of the Commonwealth of Pennsylvania in the capacity of a state policeman. During his employment, Miller made total contributions as an active member of the State Employees' Retirement System in the amount of $11,669.34. This total consisted of $9,420.28 from direct contributions and $2,249.06 which represented interest on that contribution. During this period the Commonwealth made contributions to appellee's account, as a result of his employment, in the amount of $55,448.60. Appellee Miller retired from state employment on July 14, 1976 and thereafter on March 30, 1977 entered a plea of guilty to the charge of theft by

extortion, 18 Pa.C.S.A. § 3923(a), before the Court of Common Pleas of Dauphin County for a crime which occurred while appellee Miller was an employee of the Commonwealth.

Appellee Herbert Fineman was elected to the Pennsylvania House of Representatives and served in that body continuously from December 1, 1954 until May 23, 1977. Appellee Fineman, as an active member of the State Employees' Retirement System, contributed $43,441.70 to the system through payroll deductions. On June 13, 1977 a Judgment Order was entered against Fineman for his conviction of obstruction of justice under Federal law, 18 U.S.C. § 1503.

On July 8, 1978 the Legislature enacted the Public Employees' Pension Forfeiture Act, Act 1978–140 (hereinafter Act).[1] The Act became effective as of the same date of its passage and provided for the forfeiture of pension benefits being received by a retired state employee if the employee is convicted or pleads guilty or no defense to a crime related to public office or public employment. Section 7 of the Act directed that the provisions shall be retroactive to December 1, 1972. Acting pursuant to this Act, the State Employees' Retirement Board (hereinafter SERB) discontinued payment of pension benefits to both appellees. In both cases the appellees had elected to receive the lump sum payment of their direct contributions with interest and to have the balance of the retirement benefits received through monthly annuity payments which were to continue throughout the lifetime of the retired employee and the lifetime of the retired employee's wife. In each case the lump sum payments had been received prior to the action of SERB. Thus, the issue related to the propriety of the termination of the annuity benefits. Both appellees sought relief from the Commonwealth Court. That court reversed the decision of SERB after concluding the Act's provision for retroactivity was unconstitutional.

The Chief Justice in his opinion for affirmance concluded that the stipulation of fact entered into by the parties

1. Act of July 8, 1978, P.L. 752, No. 140, *as amended*, 43 P.S. § 1311 *et seq.*

precluded further review of the merits of the case. Those members of the Court advocating a reversal of the Commonwealth Court's orders argue that the stipulation was not one of fact but represented a legal conclusion which does not foreclose review by an appellate tribunal. I believe that framing the issue as to whether or not the stipulation was one of fact or of law misses the mark and obfuscates the true issues involved.

The issue as it was framed for the Commonwealth Court was whether the Act provided a basis for the termination of the instant appellees' annuities. The court's "stipulation" merely confirmed the fact that the parties had confined the issue to the constitutionality of the retroactivity provision of that Act. The "stipulation" clarified that no other basis was being offered to support SERB's decision to terminate benefits to appellees. The Commonwealth Court addressed the issue presented and concluded that the retroactive provision of the Act was unconstitutional relying upon its reasoning in *Borello v. Commonwealth of Pennsylvania*, 49 Pa.Cmwlth. 364, 411 A.2d 852 (1980). Notwithstanding, the members of this Court who seek reversal are now attempting to ignore the sole stated basis for the action of SERB, the single issue presented to the Commonwealth Court, and seek to justify their conclusion on the ground that the Act codified existing law. This is the clearest example of an attempt by members of an appellate tribunal to interject a theory foreign to the lawsuit in an effort to reverse the order of the lower court. This practice has been expressly condemned by this Court in numerous decisions. *Commonwealth v. After Six, Inc.*, 489 Pa. 69, 413 A.2d 1017 (1980); *Doner v. Jowitt and Rogers Co.*, 484 Pa. 496, 399 A.2d 402 (1979); *In Re Duncan Trust*, 480 Pa. 608, 381 A.2d 1051 (1978); *Coleman v. Board of Ed. of the School Dist. of Philadelphia*, 477 Pa. 414, 383 A.2d 1275 (1978); *Reed v. Sloan*, 475 Pa. 570, 381 A.2d 421 (1977); *Commonwealth v. Hughes*, 468 Pa. 502, 364 A.2d 306 (1976); *Phillips Home Furnishing, Inc. v. Continental Bank*, 467 Pa. 43, 354 A.2d 542 (1976); *Commonwealth v. Branham*, 467 Pa. 605, 359 A.2d 766 (1976); *Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 342 A.2d 393 (1975); *Weigand v.*

*Weigand*, 461 Pa. 482, 337 A.2d 256 (1975). By virtue of the teachings of the above cited cases, it is clear that it is improper to consider the merits of the theory urged by those who advocate reversal.

Moreover, I am satisfied that the Commonwealth Court's conclusion that the retroactive application of the Act was unconstitutional is eminently correct. This fact is further confirmed, at least implicitly, by the desperate attempt made by those who would reverse the Commonwealth Court to avoid it.

Finally, the absurdity of the theory of the Justices advocating reversal is graphically demonstrated in the Fineman case. Appellee Fineman did not enjoy continuous service from the date of his first election to office to the date of his retirement. To the contrary, his tenure during that period depended upon the election of the people of the district for each two year term. At the beginning of each successive term the oath was administered. Applying the theory of the advocates of reversal, it could at best refer to the rights and benefits that accrued during the last term appellee Fineman served. There is no logical or legal basis, even accepting the validity of the theory in general, that would justify the forfeiture of benefits derived during the earlier terms where appellee served without ostensibly violating the provisions of the oath.

For the reasons stated above the Orders of the Commonwealth Court should be affirmed.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

This Court's failure to reverse an order of the Commonwealth Court requiring the State Employees' Retirement Board to pay full state pensions, including Commonwealth contributions, to two former public servants who, while in public office, committed the serious offenses of extortion and the obstruction of justice compels dissent. Appellees' breach of the public trust must operate to deny appellees any claim to Commonwealth contributions.

When a citizen of this Commonwealth is privileged to assume a position of public trust, fellow citizens surely expect that the public servant will act with the utmost integrity, fairness, and honesty. As was observed in *Commonwealth v. Kirk*, 141 Pa.Super. 123, 14 A.2d 914 (1940), aff'd, 340 Pa. 346, 17 A.2d 195 (1941),

> "[a] public office is understood by all to be a public trust. To honestly administer such a trust the official in whose charge it is placed must give his undivided loyalty to the people of this Commonwealth."

141 Pa.Super. at 145, 14 A.2d at 924. Indeed, that public servants perform their public duties faithfully is paramount among principles of good government.

> "If those privileged to be in the public service do not display that basic integrity that the government itself must have, how can the people be expected to maintain their confidence in the system?"

*Van Coppenole v. City of Detroit*, 313 Mich. 580, 21 N.W.2d 903 (1946).

The Opinion in Support of Affirmance rests on "stipulations of fact" which state that, but for retroactivity provisions of the Public Employees Pension Forfeiture Act, appellees Miller and Fineman have met "all applicable requirements for their pensions." The opinion's unstated proposition, that a stipulation of fact is binding on the parties, is of course sound. As this Court has repeatedly stated in tax cases, such a stipulation "binds the Commonwealth—as it does the taxpayer. . . ." *Commonwealth v. Carheart Corp.*, 450 Pa. 192, 196, 299 A.2d 628, 630 (1973). Accord, *Commonwealth v. Beck Electric Construction, Inc.*, 485 Pa. 604, 403 A.2d 553 (1979); *Commonwealth v. Molycorp, Inc.*, 481 Pa. 208, 392 A.2d 321 (1978); *Commonwealth v. Philadelphia Electric Co.*, 472 Pa. 530, 372 A.2d 815 (1977). However, the proposition that a stipulation of fact is binding has no application here. The parties' "stipulation," to the effect that appellees are eligible for full state pensions despite their breach of the public trust, clearly is a legal conclusion.

As the Supreme Court of the United States has stated, "[w]e are not bound to accept, as controlling, stipulations as to questions of law." *Sanford Estate v. C. I. R.*, 308 U.S. 39, 51, 60 S.Ct. 51, 59, 84 L.Ed. 20 (1939). Accord, *S. E. C. v. Albert & Maguire Securities Co.*, 560 F.2d 569 (3d Cir. 1977). See *Matter of Green*, 470 Pa. 164, 368 A.2d 245 (1977) (this Court not bound by stipulation on attorney discipline sanction). The merits, therefore, must be considered, rather than avoided by way of the "stipulation."

That both appellees are to act with full integrity in office is especially obvious where, as here, upon commencement of their respective positions, each took required oaths of fidelity. Appellee Miller, a member of the Pennsylvania State Police who had pled guilty to theft by extortion, 18 Pa.C.S. § 3923(a), had sworn that

"I will bear true faith and allegiance to the Commonwealth of Pennsylvania, that I will serve it honestly and faithfully, that I will support the Constitution of the Commonwealth of Pennsylvania, that I' will perform all my duties as a Pennsylvania State Police Officer according to the law and regulations governing same, that I will conduct myself according to the regulations as set forth by the Commissioner of the Pennsylvania State Police, and that I will obey the orders of my superior officers . . . ."

Appellee Fineman, member of the Pennsylvania House of Representatives convicted of obstruction of justice, 18 U.S.C. § 1503, had similarly sworn, pursuant to constitutional obligation, that

"I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity."

Pa.Const. Art. VI, § 3.

Consistent with what all concerned citizens expect, and with appellees' oath of office, the Legislature, in section 3(a) of the Forfeiture Act, Act of July 8, 1978, P.L. 752, 43 P.S. § 1313(a) (Supp.1980), mandates:

"Notwithstanding any other provision of law, no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, if such public official or public employee is convicted or pleads guilty or no defense to any crime related to public office or public employment."

It is true that, until the Forfeiture Act, no statute of this Commonwealth contained express provisions for denying a full pension to a state official or employee who has committed crimes related to office. This statutory enactment, however, does not represent a change in existing law. It is merely a codification of this Commonwealth's long-standing public policy requiring fidelity in office. As reasoned decisions of sister states point out, the principle of fidelity in office embodied in the Forfeiture Act is a salutary requirement inherent in the public employment relationship. See, e.g., *Baltimore County Board of Trustees v. Comes*, 230 A.2d 458 (Md.1967); *Van Coppenole v. City of Detroit*, supra; *Ballurino v. Castellini*, 29 N.J.Super. 383, 102 A.2d 662 (1954); *State ex rel. Fox v. Police Pension Fund*, 148 W.Va. 369, 135 S.E.2d 262 (W.Va.1964).

"To award a pension to a member of a municipal police department upon his retirement who while serving as a policeman has committed numerous criminal offenses would be to reward a policeman for flagrant violation of his sworn duty to uphold the law and to protect the taxpayers who contribute to such pension and the other members of the general public."

Id., 135 S.E.2d at 267.

By committing the crimes of extortion and obstruction of justice, appellees have failed to demonstrate the integrity essential to confidence in our government. The Commonwealth should not be obliged to make contributions to the pensions of those who have breached the public trust, the order of the Commonwealth Court should be reversed, and appellees should be permitted to recover only their own

contributions to the pension fund, not those made by the Commonwealth.*

LARSEN and KAUFFMAN, JJ., join in this Opinion in Support of Reversal.

### DISSENT FROM THE DENIAL OF REARGUMENT

Mr. Justice Roberts and Mr. Justice Larsen dissent and would grant reargument for the reasons set forth in the opinion in support of reversal of Mr. Justice Roberts, joined by Mr. Justice Larsen and Justice Kauffman, in *Miller & Fineman v. State Employees' Retirement Board,* 498 Pa. 103, 445 A.2d 88 (1981), and the dissenting opinion of Mr. Justice Roberts, joined by Mr. Justice Larsen, in *Bellomini & Cianfrani v. State Employees' Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982).

---

* While employed by the Commonwealth, appellee Fineman had made contributions totalling $43,441.70. The Commonwealth's contributions to his pension totalled $359,226.54. Appellee Miller had made contributions totalling $9,420.28. In addition, the Commonwealth contributed $55,448.60. Upon retirement, both appellees withdrew their direct contributions in lump sums. As a result of today's affirmance by an equally divided court, monthly checks of $1,876.23 and $220.73 will go to appellees Fineman and Miller, respectively, for the rest of their lives, and then to their designated beneficiaries. All of these payments will come solely from Commonwealth funds.