ASSOCIATION OF PROFESSIONAL AND TECHNICAL
EMPLOYEES v CITY OF DETROIT

Docket No. 84259. Submitted April 8, 1986, at Detroit. Decided June
10, 1986.

Plaintiffs, two collective bargaining units for City of Detroit
employees, the Association of Professional and Technical Em-
ployees and Senior Appraisers, Analysts and Accountants, and
three individual employees representing a class composed of
City of Detroit employees not represented by a labor organiza-
tion, brought an action in Wayne Circuit Court, seeking an
injunction prohibiting the City of Detroit and the Board of
Trustees of the General Retirement System for the City of
Detroit from implementing a minimum age requirement for
receipt of vested pension credits. The trial court, Charles S.
Farmer, J., granted plaintiffs' motion for summary judgment,
holding that the unilateral imposition of a minimum age
requirement for receipt of vested pension benefits impaired the
plaintiffs' contractual rights to vested pension benefits in viola-
tion of the Michigan Constitution. The City of Detroit appealed.

The Court of Appeals *held:*

The Michigan Constitution specifically makes accrued finan-
cial benefits in a public pension and retirement system a
contractual obligation which shall not be diminished or im-
paired. The unilateral imposition by the city of a minimum age
requirement for receipt of vested benefits diminishes and im-
pairs the contractual obligation to pay vested benefits and is
thus constitutionally infirm.

Affirmed.

CONSTITUTIONAL LAW — PENSIONS — CITIES.

The unilateral imposition by a city of a requirement fixing the
minimum age at which a person with a vested pension can
receive pension benefits is violative of the constitutional provi-
sion which prohibits political subdivisions from diminishing or

REFERENCES

Am Jur 2d, Pensions and Retirement Funds §§ 39 *et seq.*
See the annotations in the Index to Annotations under Pension and
Retirement.

impairing accrued financial benefits, since the imposition of a minimum age requirement will have the effect of directly diminishing and impairing the accrued financial benefits of employees with vested pension benefits (Const 1963, art 9, § 24).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Theodore Sachs* and *Mark Brewer*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Thomas L. Walters* and *Terri L. Hayles,* Assistant Corporation Counsel, for the City of Detroit.

Before: BEASLEY, P.J. and D. E. HOLBROOK, JR., and D. L. SULLIVAN,* JJ.

PER CURIAM. Plaintiffs brought suit against defendants, the City of Detroit and the Board of Trustees of the General Retirement System of the City of Detroit, seeking a permanent injunction to prohibit the city from implementing a minimum age requirement for the receipt of vested pension benefits. Plaintiffs are made up of two collective bargaining units of city employees whose members did not adopt the city's proposal regarding the minimum age requirement, the Association of Professional and Technical Employees and Senior Appraisers, Analysts and Accountants, and a certified class of individual city employees unrepresented by a labor organization, with the named members of that class being Thomas Kneeshaw, Robert Kropf and Thomas Monchak. The trial judge granted plaintiffs' motion for summary judgment under MCR 2.116(C)(10), formerly GCR 1963, 117.2(3), finding that there were no genuine issues of material fact and that plaintiffs were entitled to judgment as a matter of law. The trial judge

* Circuit judge, sitting on the Court of Appeals by assignment.

expressly found that the unilateral imposition of a minimum age requirement for the receipt of vested pension benefits impaired plaintiffs' contractual rights to vested pension benefits, in violation of Const 1963, art 9, § 24, Const 1963, art 1, § 10 and US Const, art 1, § 10. Defendant City of Detroit appeals as of right.

The factual situation presented in this case is not in serious dispute. City employees currently receive pension benefits under one of two plans. Employees who commenced employment with the city prior to July 1, 1980, receive pension benefits under the "40 and 8" plan. Under the "40 and 8" plan, an employee can begin receiving pension benefits on the thirtieth anniversary of the date employment by the city commenced, if the employee has worked at least eight years as a city employee and has reached the age of forty prior to leaving the employment of the city. Employees who commenced employment with the city after July 1, 1980, receive pension benefits under the "10 and vesting" plan. Under the "10 and vesting" plan, an employee qualifies to receive pension benefits upon the thirtieth anniversary of the date employment by the city commenced if the employee has worked for the city for a period of at least ten years.

In a tentative contract agreement with all its employees, defendant city proposed to add an additional condition to an employee's receipt of vested pension benefits. This condition provided that an employee could not receive his vested pension benefits until he had reached the age of sixty-two. All of the plaintiffs refused to adopt the tentative agreement. Defendant city then proposed an amendment to the city charter which would unilaterally impose the additional condition of any of the plaintiffs who did not resign by May 21, 1984.

In response to the city's proposed unilateral action, plaintiffs brought this action.

On appeal, defendant city asserts that the trial judge erred in finding that its unilateral imposition of the minimum age requirement violated Const 1963, art 9, § 24, which provides:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby.
>
> Financial benefits arising on account of service rendered in each fiscal year shall be funded during that year and such funding shall not be used for financing unfunded accrued liabilities.

In making this assertion, defendant city argues that the "accrued financial benefits" protected by Const 1963, art 9, § 24 arise only upon an employee's retirement and do not exist while the employee is still working. We find that defendant's argument is without merit.

The history and purpose of Const 1963, art 9, § 24 were extensively discussed by the Michigan Supreme Court in an advisory opinion addressing the constitutionality of a proposed public act providing for an increase in the future pension plan contribution required from employees in the public school system who were eligible for federal social security benefits.[1] The proposed increase in the required contribution was from three percent of the employee's first $4,200 of compensation to five percent, an $84 increase. Under the proposed public act, the employees' pension benefits would not be increased.

The Supreme Court, in determining what was

---

[1] *Advisory Opinion re Constitutionality of 1972 PA 258,* 389 Mich 659; 209 NW2d 200 (1973).

meant by the phrase "accrued financial benefits," noted that the intention of the framers of Const 1963, art 9, § 24 was to obviate the harsh rule that pensions granted by public authorities were not contractual obligations, but gratuitous allowances which could be revoked at will.[2] The Court stated that the framers' intent was apparent from the minutes of the constitutional convention, which provided in pertinent part:

> *Mr. Van Dusen*: Mr. Chairman and members of the committee, this proposal by the committee is designed to do 2 things: first, to give to the employees participating in these plans a security which they do not now enjoy, by making the accrued financial benefits of the plant contractual rights. This, you might think, would go without saying, but several judicial determinations have been made to the effect that participants in pension plans for public employees have no vested interest in the benefits which they believe they have earned; that the municipalities and the state authorities which provide these plans provide them as a gratuity, and therefore it is within the province of the municipality or the other public employer to terminate the plan at will without regard to the benefits which have been, in the judgment of the employees, earned.
>
> Now, it is the belief of the committee that the benefits of pension plans are in a sense deferred compensation for work performed. And with respect to work performed, it is the opinion of the committee that the public employee should have a contractual right to benefits of the pension plan, which should not be diminished by the employing unit after the service has been performed.[3]

However, the Supreme Court went on to hold

---

[2] *Id.,* pp 662-663.

[3] 1 Official Record Constitutional Convention 1961, 770-771; see also 389 Mich 663.

that the proposed public act, which only changed the future contribution rate, did not violate Const 1963, art 9, § 24. The Court concluded:

> Under this constitutional limitation the Legislature cannot diminish or impair accrued financial benefits but we think it may properly attach new conditions for earning financial benefits which have not yet accrued. Even though compliance with the new conditions may be necessary in order to obtain *the financial benefits which have accrued,* we would not regard this as a diminishment or impairment of such accrued benefits unless the new conditions were unreasonable and hence subversive of the constitutional protection.
>
> We do not consider the increase of $84 per year in the contributions to be paid by some employees to equalize their contributions with the contributions of other employees in the retirement system to have the effect of subverting the constitutional provision. [Emphasis added.][4]

In the emphasized portion of the Court's conclusion, the court implicitly acknowledged that "accrued financial benefits" had arisen as to services that had already been rendered by the employees, even though the employees had not yet retired and would have to continue making future contributions. The Court then found that the proposed increase in the contribution, required only in connection with future services, did not unreasonably diminish or impair these "accrued financial benefits" related to services rendered in the past.

Although we acknowledge that the advisory opinion is not binding precedent,[5] we agree with the Supreme Court analysis of the constitutional term "accrued financial benefits" in the advisory

---

[4] 389 Mich 663-664.

[5] *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 460, n 1; 208 NW2d 469 (1973).

opinion. The intention of the framers was not as defendant city argues in this case, merely to protect pension benefits of retirees, but was also to protect pension benefits related to work already performed by current employees. Thus, we find that the financial benefits of a pension plan accrue while the employee performs his work for the public employer.

Furthermore, unlike the proposed future contribution increase addressed in the advisory opinion, the defendant city's proposed unilateral imposition of a minimum age requirement in this case directly diminishes and impairs plaintiffs' "accrued financial benefits." If defendant city were allowed to impose this minimum age requirement, it would substantially delay the receipt of pension benefits related to work already performed by plaintiffs. For example, an affidavit filed by an employee represented by one of plaintiff labor organizations reveals that if the minimum age requirement is imposed on his vested pension benefits, which are related to work he has already performed, receipt of these benefits will be delayed by more than thirteen years. Under the presently applicable "40 and 8" plan, the employee would be eligible to receive a vested pension of $734.78 on January 1, 1988, when he was forty-eight years old. However, under the proposed plan of defendant city, the employee would not be eligible to receive his vested pension benefits until December 8, 2001. During this period of more than thirteen years, the employee loses substantial vested pension benefits and may even forfeit his pension benefits if he dies during this period.

Based on this direct diminution and impairment of plaintiffs' vested pension benefits related to work already performed by plaintiffs, we conclude that the trial judge properly found that defendant

city's proposed unilateral imposition of the minimum age requirement would violate Const 1963, art 9, § 24. Thus, plaintiffs were entitled to judgment as a matter of law, and the trial judge properly granted their motion for summary judgment.

In reaching our conclusion in this matter, we note that, on appeal, defendant city asserts that it gave each of the plaintiffs an opportunity to continue under the "40 and 8" plan if they would agree to pay an additional $175 per year. Defendant city failed to make this assertion in the trial court and does not provide any factual support i.e., affidavits, on appeal. However, even if this assertion was properly presented in this appeal, it would not change the result in this case. Contrary to defendant city's arguments, the proposed $175 per year fee is not merely an increased contribution for future pension benefits, as was involved in the advisory opinion. Payment of the $175 fee in this case is required to preserve the "accrued financial benefits" that are protected by Const 1963, art 9, § 24. Thus, this $175 fee would constitute a direct diminution and impairment of vested pension benefits related to work already performed by plaintiffs and would also violate the state constitution. Therefore, the availability of the $175 fee opportunity does not allow defendant city to unilaterally impose the minimum age requirement as to plaintiffs' previously earned and accrued pension benefits. Summary judgment to plaintiffs was proper in this case.

Affirmed.