# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 26, 2006

130589

IN RE REQUEST FOR ADVISORY
OPINION REGARDING
CONSTITUTIONALITY OF 2005 PA 71

SC: 130589

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the request by the House of Representatives for an advisory opinion on the constitutionality of the photo identification requirements contained in 2005 PA 71 is considered, and it is GRANTED. The clerk is directed to schedule oral argument and submission as a calendar case. The question submitted is: Do the photo identification requirements of Section 523 of 2005 PA 71, MCL 168.523, on their face, violate either the Michigan Constitution or the United States Constitution?

The Attorney General is respectfully requested to, within 84 days of the date of this order, submit separate briefs arguing that the photo identification requirements of 2005 PA 71 are, and are not, constitutional. The Michigan Department of State Bureau of Elections, the Michigan Democratic Party, and the Michigan Republican Party are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the question presented in this matter may move the Court for permission to file briefs amicus curiae on either or both sides of the submitted question.

CAVANAGH, J., would decline to issue an advisory opinion.

KELLY, J., dissents and states as follows:

It is my belief that the Court should not grant the request for an advisory opinion. I have two reasons. First, the subject matter of the request is overly broad. Traditionally, the Court has refused to grant advisory opinions in response to broad questions. Second, the question that the Court has agreed to address is not the question asked. It is not certain that this Court has the authority to issue an advisory opinion on a question not presented to it under Article III, § 8 of the Michigan Constitution.

With respect to my first concern, I note that, in the case of *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 587 n 57 (2005), this Court stated that "our only constitutional authorization to issue advisory opinions is found in [Article III, § 8 of the Michigan

Constitution]." This provision states, "Either house of the legislature or the governor may request the opinion of the supreme court on important questions of law upon solemn occasions as to the constitutionality of legislation after it has been enacted into law but before its effective date." Const 1963, art 3, § 8.

This Court has consistently interpreted § 8 to require the party making the request to address specific questions of law on which the party wishes the Court to speak. *In re Request for Advisory Opinion on Constitutionality of 1975 PA 227*, 395 Mich 148, 149-150 (1975). Following that interpretation, typically, this Court has denied requests for advisory opinions where the requesting party has not raised specific questions regarding the constitutionality of an act. *Id.* at 149. Normally, a request has been denied if it was stated too broadly. *Advisory Opinion re Constitutionality of 1974 PA 272,* 393 Mich 916 (1975).

In this case, the House of Representatives submitted a very general question: "Do the photo identification requirements contained in 2005 PA 71 violate either the Michigan Constitution or the United States Constitution?" What constitutional provisions does the House fear may be offended? It appears that the House wants to know whether, in general, the photo requirements of the act violate any constitutional provisions at all. Next, what factual situations does the House fear might offend the constitutions? It appears that any advisory opinion on the question "'would depend for resolution on whatever particular factual situations the Court would be forced to hypothesize.'" *Request for Advisory Opinion on the Constitutionality of 1979 PA 57*, 407 Mich 60 (1979), quoting *Advisory Opinion re Constitutionality of 1974 PA 272, supra* at 910. As this Court has consistently done in the past, we should deny the House's request on the basis that the question presented is too broad.

With respect to my second concern, the Court has modified the question submitted. The modification is not merely semantic. It changes the question to read, "Do the photo identification requirements of Section 523 of 2005 PA 71, MCL 168.523, *on their face,* violate either the Michigan Constitution or the United States Constitution?" The question submitted was whether the photo requirements of the act violate either constitution. The question has been changed to ask whether the photo requirements of the act *facially* violate either constitution. I question whether the Court has the authority so to alter a question presented under Article III, § 8 of the Michigan Constitution.

My concern is based on the fact that § 8 vests the power to request an advisory opinion solely in the Legislature and the Governor. By modifying the question, this Court effectively usurps the authority of the House to pose the question. Alternatively, the Court is acting, with no case or controversy before it, to create an issue that it chooses to address. *Federated Publications, Inc v City of Lansing,* 467 Mich 98, 112 (2002). Either way the Court unwisely ventures onto infirm constitutional terrain.

For these two reasons, I prefer to deny this request for an advisory opinion. At the very least, I would entertain oral argument and additional briefing before acting on the request. These would assist the Court in determining, if the request for an advisory opinion is granted at all, (1) whether it must not be limited to the facial constitutionality of 2005 PA 71 and (2) what constitutional provisions and factual situations the House of Representatives wishes the Court to consider in rendering its opinion.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 26, 2006

_Corbin R. Davis_
Clerk

p0419