President Judge BOWMAN did not participate in the decision in this case.

Judge DiSALLE did not participate in the decision in this case.

Edward R. Miller, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued February 5, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judges MENCER and MACPHAIL did not participate.

*Ronald M. Katzman,* with him *Timothy L. Mark* and *Arthur L. Goldberg,* of *Goldberg, Evans & Katzman,* for petitioner.

*Susan J. Forney,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, Chief of Civil Litigation and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 12, 1980:

Again, as in *Burello v. State Employees' Retirement System,* 49 Pa. Commonwealth Ct. 364, 411 A.2d 852 (1980), we have the question of whether the Public Employee Pension Forfeiture Act[1] (Act) is unconstitutional because it provides retroactively that pension benefits being received by a retired state employee shall be forfeited if the employee is convicted or pleads guilty or no defense to a crime related to public office or public employment.

Here, as in *Burello,* the question has been raised by petition for review of the discontinuance by the State Employees Retirement Board (Board) of pension benefits which petitioner had been receiving in retirement.

The facts are not in dispute. Petitioner, as a retired state employee, had qualified for, and was receiving, state pension benefits when, on March 30, 1977, he pleaded guilty in the Court of Common Pleas of Dauphin County to charges of theft by extortion, 18 Pa. C.S. §3923(a), arising from conduct which occurred while petitioner was an employee of the Commonwealth.

Thereafter, on July 8, 1978, the Act, became effective, providing in its Section 3 that no public employee shall be entitled to receive any retirement benefit if the employee "is convicted or pleads guilty or no defense to any crime related to public office or public

---

[1] Act of July 8, 1978, P.L. 752, 43 P.S. §1311 et seq.

employment",[2] and in Section 7 that the Act's provisions shall be retroactive to December 1, 1972.[3]

Our decision in this case is necessarily controlled by our recent decision in *Burello v. State Employees' Retirement System, supra,* where, in a like situation, we held the Act to be an unconstitutional impairment of the obligation of contract because the statute was adopted after the pension entitlement had clearly vested under Pennsylvania law.

Also in *Burello* we found the Act to have ex post facto effect because it sought to legislate a new and additional punishment after the commission of the actions sought to be punished, even though the retiree in *Burello* entered a plea of nolo contendere a few days before the Act took effect—the pertinent point being the wrongful conduct and not the acknowledgement of it. In the present case, the forfeiture law also took effect after the conduct sought to be additionally punished, and fifteen months after the date of the guilty plea as well.

As we said in *Burello* :

> However greatly we might feel outrage that a government official would use public employment for criminal purposes, we cannot uphold a punishment devised after the fact. Satisfaction of that outrage is not worth the loss we would suffer as a community by weakening the wise constitutional safeguards against laws which impose sanctions by hindsight.

(49 Pa. Commonwealth Ct. at 364, 411 A.2d at 856.)

The Board's order must be reversed and this case remanded with a direction that the pension be reinstated.

---

[2] 43 P.S. §1313.

[3] 43 P.S. §1315 note.

## ORDER

AND Now, this 12th day of March, 1980, the order of the State Employes' Retirement Board dated August 24, 1978 is hereby reversed and this matter is remanded with a direction that all pension benefits thereby discontinued be restored as of, and after, August 24, 1978 with such effect as the pension laws confer.

President Judge BOWMAN did not participate in the decision in this case.

Judge WILLIAMS, JR. dissents.