562 A.2d 969

**Thomas N. SHIOMOS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1989.

Decided July 28, 1989.

F. Emmett Fitzpatrick, III, F. Emmett Fitzpatrick Law Offices, Philadelphia, for petitioner.

Abbott A. Leban, Chief Counsel, Irene Mary Chiavaroli, Asst. Counsel, Harrisburg, for respondent.

Before CRAIG, DOYLE, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

Thomas N. Shiomos appeals from an order of the Pennsylvania State Employes' Retirement Board (Board) terminating his eligibility for retirement benefits, effective November 4, 1987.

The facts are not in dispute,[1] and they are as follows. Shiomos served as a judge of the Court of Common Pleas of Philadelphia County from January 3, 1973 until his retirement on March 1, 1984. Following retirement, Shiomos withdrew his accumulated deductions from the State Employes' Retirement System (SERS). Commencing on his retirement date, Shiomos began receiving, as an annuitant of SERS, a gross monthly benefit of $1,883.61.

Subsequent to his retirement, Shiomos was designated a senior judge by the Chief Justice of Pennsylvania. Shiomos's last assignment was to sit on the Philadelphia Court of Common Pleas for the month of November, 1986. On November 18, 1986, the Chief Justice revoked the order assigning Shiomos a seat on the Philadelphia County Court of Common Pleas.

On November 28, 1986, the Judicial Inquiry and Review Board (JIRB) commenced disciplinary proceedings against Shiomos, and, on August 5, 1987, the JIRB filed with the Pennsylvania Supreme Court its opinion and recommendation in Shiomos's case. The JIRB recommended that Shio-

---

1. The parties entered into a stipulation of facts before the Board.

mos be removed from office. On November 4, 1987, the supreme court issued an order stating as follows: "AND NOW, this 4th day of November, 1987, the Recommendation of the Judicial Inquiry and Review Board in the instant proceedings is accepted, and it is hereby ORDERED that respondent, Thomas N. Shiomos, be forever barred from judicial duties or office."

On July 20, 1988 the Board entered an order suspending payment of retirement benefits to Shiomos, effective with any payment due Shiomos for the month of August, with the suspension continuing until further order of the Board. Shiomos appealed the order of suspension to the Board, and sought to have SERS reinstate the payment of his retirement benefits. On October 13, 1988, the Board denied Shiomos's appeal, and entered an order terminating Shiomos's retirement benefits as of November 4, 1987.

The Board reasoned that the supreme court's November 4, 1987 order adopting the JIRB's recommendation constituted removal within the meaning of Pa.Const. art. V, § 16(b), and that, therefore, SERS was prohibited from paying Shiomos any further retirement allowance or other retirement compensation. Shiomos has appealed to this court from the Board's October 13, 1988 order.

Shiomos raises two issues for review: 1) whether the Board erred in concluding that Shiomos was removed from judicial office within the meaning of Pa. Const. art. V, § 16(b); and 2) whether the Board exceeded its authority in denying Shiomos accrued retirement benefits for judicial service performed prior to the conduct that was the subject of the November 4, 1987 order of the Pennsylvania Supreme Court. For the reasons which follow, we affirm.

We begin by noting the relevant provisions of the Pennsylvania Constitution. Article 5, Section 18 of the Pennsylvania Constitution establishes the JIRB. Section 18(g) of Article 5 provides that the JIRB, after hearing, shall, if it "finds good cause therefor ... recommend to the Supreme Court the suspension, removal, discipline or compulsory

retirement of the justice or judge." Section 18(h) provides, in pertinent part:

> The Supreme Court shall review the record of the board's proceedings on the law and facts and may permit the introduction of additional evidence. It shall order suspension, removal, discipline or compulsory retirement, or wholly reject the recommendation, as it finds just and proper ... Upon an order for suspension or removal, the justice or judge shall be suspended or removed from office, and his salary shall cease from the date of such order.

Section 18(*l*) provides: "A justice, judge or justice of the peace convicted of misbehavior in office by a court, disbarred as a member of the bar of the Supreme Court or removed under this section eighteen shall forfeit automatically his judicial office and thereafter be ineligible for judicial office." Finally, Article 5, Section 16(b) provides, in pertinent part: "Former and retired justices, judges and justices of the peace shall receive such compensation as shall be provided by law. No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under Article VI."

■ Shiomos argues that the supreme court, by ordering that Shiomos "be forever barred from judicial duties or office" did not remove Shiomos from office. We disagree. Shiomos's argument is premised on the supreme court's opinion in *In the Matter of Glancey*, 518 Pa. 276, 542 A.2d 1350 (1988) (*Glancey II*).[2] The argument made by Shiomos was recently addressed by this court in *Glancey v. State Employes' Retirement Board*, 126 Pa.Commonwealth Ct. 457, 560 A.2d 263 (1989), in which we affirmed, by an equally divided en banc court, the Board's denial of Glancey's application for retirement benefits. Glancey argued to us that the supreme court's order in his case, which

2. *Glancey I* is at *In the Matter of Glancey*, 515 Pa. 201, 527 A.2d 997 (1987).

"forever barred [Glancey] from holding judicial office in this Commonwealth,"[3] did not remove him from office.

The Honorable Francis A. Barry, in the opinion in support of affirmance, stated as follows:

> There can be no question but that the Supreme Court forever barred Glancey from holding judicial office, based upon his misconduct. Just as Glancey's resignation could not permit him to evade this bar, his resignation cannot be used to evade another section of Article V, especially where a majority of the Supreme Court has explicitly recognized that being forever barred from holding judicial office flows *automatically from the sanction of removal. Cunningham.*[4] We therefore believe that the entry of an order forever barring Glancey from holding judicial office constitutes an implicit order of removal for purposes of Article V, Section 16(b).

*Glancey v. Retirement Board,* 126 Pa.Commonwealth Ct. at 461–464, 560 A.2d at 265–66 (emphasis in original). We hereby adopt the reasoning of Judge Barry's opinion in support of affirmance.

In addition, we note that Article V, Section 18(h) of the Pennsylvania Constitution provides that the supreme court "shall order suspension, removal, discipline or compulsory retirement, or wholly reject the [JIRB] recommendation, as it finds just and proper." In the present case, the supreme court expressly accepted the JIRB's recommendation of removal. Accordingly, we hold that Shiomos was removed from office pursuant to Article V, Section 18(h).

█ Shiomos next argues that the Board did not have authority to deny him retirement benefits for the period of judicial service prior to the conduct that was the subject of

---

3. *Glancey II,* 518 Pa. at 288, 542 A.2d at 1356.

4. *In the Matter of Cunningham,* 517 Pa. 417, 538 A.2d 473, *appeal dismissed sub nom. White v. Judicial Inquiry and Review Board of Pennsylvania,* —— U.S. ——, 109 S.Ct. 36, 102 L.Ed.2d 16 (1988): "The sanction of removal, which carries with it an automatic bar from ever holding judicial office in this Commonwealth in the future, expressly mandates forfeiture of the office." *Id.* at 426, 538 A.2d at 478.

the supreme court's order of removal. This issue was squarely addressed in Judge Barry's opinion in support of affirmance in *Glancey v. Retirement Board:*

> Glancey also argues that he should be entitled to collect that portion of his retirement pay earned while he engaged in 'exemplary service.' He thus argues that the retirement contract is somehow divisible and if he is to be disqualified, the disqualification should go to that period in which he engaged in misconduct. In support thereof, Glancey cites the opinion of Justice (now Chief Justice) Nix in *Miller v. State Employees' Retirement Board,* 498 Pa. 103, 445 A.2d 88 (1981), which involved the application of the Public Employees Pension Forfeiture Act, Act of July 8, 1978, P.L. 752, *as amended,* 43 P.S. §§ 1311–15 (Supp.1988–89). That act provided that one convicted of crimes relating to public employment would forfeit retirement benefits. The public employees there, like Glancey, had served the required ten years to obtain a vested pension prior to the effective date of the act. By an equally divided court, the Supreme Court affirmed this court's order that the act could not be applied retroactively to deny retirement benefits to those whose rights had vested. Generally, *Miller* is inapposite to the present case which concerns Article V of the Constitution, the relevant portions of which were in effect at the time Glancey became a member of the system.

126 Pa.Commonwealth Ct. at 463–464, 560 A.2d at 266–67.

Shiomos has referred us to *Miller,* as well as three other cases [5] decided under the Public Employee Pension Forfeiture Act. All of these cases are inapposite because the present case is governed by Article V of the Pennsylvania Constitution.

**5.** The three other cases are *Zimmerman v. Officers and Employees Retirement Board,* 501 Pa. 293, 461 A.2d 593 (1983); *Bellomini v. State Employees' Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982); and *Burello v. State Employes' Retirement System,* 49 Pa. Commonwealth Ct. 364, 411 A.2d 852 (1980).

Article V, Section 16(b) is clear. No compensation shall be paid to a judge who is removed from office.

Accordingly, the order of the Board is affirmed.

CRUMLISH, Jr., President Judge, and COLINS, J., did not participate in this case.

SMITH, J., dissents.

## ORDER

AND NOW, July 28, 1989, the order of the State Employes' Retirement Board in the above captioned case is affirmed.

McGINLEY, Judge, dissenting.

The opinion affirming the denial of retirement benefits notes that Shiomos' service commenced on January 3, 1973, and that he retired on March 1, 1984, at which time he withdrew his accumulated deductions and began receiving his monthly benefits. The denial is rooted in Article V, Section 16(b) of the Pennsylvania Constitution which provides, "No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed under section 18 of this article or under Article VI." The State Employes' Retirement Board (Board) has interpreted the term "compensation" to include "any retirement allowance" due Shiomos, not including his contributions plus statutory interest.

In *Glancey v. State Employes' Retirement Board,* 126 Pa. Commonwealth Ct. 457, 560 A.2d 263 (1989), the opinion in support of affirmance [1] noted that:

Section 18(h) provides that upon an order of removal or suspension, the judge's *'salary* shall cease from the date of such order.' (Emphasis added.) We believe the use of the two terms (salary and compensation) is significant.

1. This Court's vote in that matter (three votes for affirmance and three votes for reversal) resulted in an affirmance of the decision of the Board denying retirement benefits to another jurist under similar circumstances.

'Compensation' is defined as 'payment.... for service rendered.' Webster's Third New International Dictionary 463 (1966). 'Salary,' on the other hand, is defined as 'fixed compensation paid regularly (as by the year, quarter, month or week) for services ...' *d.* at 2003. A review of these definitions shows that 'salary' is a part of a total compensation package, more specifically, *present* compensation. Public retirement benefits, again, are *deferred* compensation. Once a judge is removed and therefore has forfeited his office, no more services may be rendered and no more salary can be due. It necessarily follows that the section 16(b) prohibition against paying 'compensation' to a removed judge must refer to deferred compensation, i.e. retirement benefits. That a judge makes contributions to a retirement fund out of salary troubles us not, as those contributions plus statutory interest will be returned to the errant jurist.

*Glancey,* 126 Pa. Commonwealth Ct. at 462, 560 A.2d at 266 (in support of affirmance) (emphasis added).

As noted by the Honorable James Gardner Colins in the opinion in support of reversal in that matter, had the Pennsylvania Supreme Court wished to "remove" Glancey, it could have done so specifically. *Glancey,* 126 Pa. Commonwealth Ct. at 459, 560 A.2d at 264 (in support of reversal). However, no such order was entered in that matter, just as no specific order has been entered in the matter *sub judice.*

Alternatively, while public retirement benefits are deferred compensation, it does not necessarily, nor reasonably, follow that Shiomos' retirement benefits are "compensation" as that term is used in the Section 16(b) sanction.

A reasonable interpretation of the term "compensation" as set forth in section 16(b) must be compatible with the authority of the Pennsylvania Supreme Court to remove, must avoid any impairment of constitutional rights, and must be consistent with statutory pension rights.

Shiomos admitted receiving cash gifts in December of 1983, 1984 and 1985. He was subsequently convicted in Federal Court of accepting a $300 bribe in December of 1983. His appointment was terminated on November 18, 1986. Compensation, within the meaning of Section 16(b), should be interpreted as any enhancement to pension rights, other than contributions and statutory interest, occurring subsequent to the wrongdoing, herein December of 1983. Prior to the wrongdoing, Shiomos complied with all the terms and conditions imposed upon the receipt of retirement pay. This narrow interpretation of the sanction in Section 16(b) reasonably reflects the intent of the legislature, and provides a needed deterrent, yet does not infringe upon the contractually vested pension rights of members and their spouses.

The order of the Board should be reversed and the matter remanded.