562 A.2d 1000

**Bernard SNYDER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1989.

Decided Aug. 9, 1989.

F. Emmett Fitzpatrick, III, F. Emmett Fitzpatrick, Law Offices, Philadelphia, for petitioner.

Abbott A. Leban, Chief Counsel, Harrisburg, for respondent.

Before CRAIG, DOYLE, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

CRAIG, Judge.

This appeal, by Bernard Snyder from a decision of the Pennsylvania State Employes' Retirement Board (SERB) terminating payment of his pension benefits, chiefly poses the question of whether Snyder should be deemed to have been "removed from office" as a judge under art. V, § 16(b) of the Pennsylvania Constitution, so as to lose entitlement to pension compensation, where Snyder left office as a result of losing a retention election after the Judicial Inquiry and Review Board (JIRB) had petitioned the Supreme Court for his removal, but before the date of the Supreme Court's decision adopting the JIRB's recommendation. This court answers that question in the affirmative.

The facts are not in dispute. Snyder served as a judge of the Court of Common Pleas of Philadelphia County from January 5, 1976 until his failure to win retention in the fall election of 1985 caused his incumbency of that office to cease as of January 5, 1986.

According to the record, Snyder attained the superannuation age of 60 on October 22, 1985, and his pension benefits then vested by age. On November 25, 1985, he purchased for his pension plan 2.344 years of military service. The JIRB, pursuant to its investigative procedures under Pennsylvania statutes and constitution, filed a petition with the Supreme Court on July 1, 1985 recommending that Judge Snyder be removed from the office of judge, on the basis of

the JIRB's findings of various improprieties in his judicial conduct. In November of 1985, while the case was pending before the Supreme Court, the electors of the City of Philadelphia denied the retention of Judge Snyder in office as such, so that his term of office ended January 5, 1986.

Thereafter, on March 20, 1987, the Supreme Court adopted the JIRB removal recommendation. *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987), *cert. denied*, 484 U.S. 829, 108 S.Ct. 100, 98 L.Ed.2d 61 (1987) (*Snyder I*).

 The issue in this case represents another variation among a series of similar cases. In *Glancey v. Pennsylvania State Employes' Retirement Board*, 126 Pa. Commonwealth Ct. 457, 560 A.2d 263 (1989), an equally divided en banc court affirmed the SERB's denial of Glancey's application for retirement benefits, where Glancey resigned and retired from office before the order of the Supreme Court which accepted the JIRB's removal recommendation as to Glancey and forever barred him from holding judicial office.

Even more recently, in *Shiomos v. Pennsylvania State Employes' Retirement Board*, 128 Pa. Commonwealth Ct. 39, 562 A.2d 969 (1989), this court affirmed the SERB's suspension of the pension benefits of Thomas N. Shiomos, who had retired in 1984 but had served as a senior judge until the Chief Justice revoked that designation in November of 1986, shortly before the JIRB commenced disciplinary proceedings which resulted in JIRB filing the recommendation for Shiomos' removal from office with the Supreme Court on August 5, 1987. Pursuant to the Supreme Court's acceptance of the JIRB recommendation with respect to Shiomos, this court concluded that Shiomos was deemed in law to be removed from office so as to cause the cessation of his pension payments under art. V, § 16(b) of the Pennsylvania Constitution which, in pertinent part, reads:

> No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under § 18 of this article or under article 6.

Section 18 of art. V is the section which establishes the JIRB and prescribes its functions.

For guidance with respect to the legal import of the Supreme Court's acceptance of the JIRB removal recommendation as to Snyder, we turn to *Snyder I*, in which the pertinent portions of the majority opinion by Mr. Justice Hutchinson are as follows:

In November of 1985, before we heard argument, the electors in the City of Philadelphia denied Judge Snyder's quest for retention as a Common Pleas judge, thus rendering moot the question of whether this Court should remove him from judicial office [citations omitted]. The election results, however, have not ended our responsibility where other issues remain. [Citations omitted]....

We find the evidence of respondent's derelictions clear and convincing on this record. Taking all of them together, we also find that their cumulative effect is so serious that removal, as recommended by a majority of the Judicial Inquiry and Review Board, would be the only appropriate sanction. Though Judge Snyder has already been removed from office by the voters, it remains for us to impose the judicial sanction which will render the intended operation of Section 18 complete. Otherwise the action of the Judicial Inquiry and Review Board would have no legal effect.

Through Section 18 the people have entrusted to this Court the task of finally determining whether a judge should be disciplined and, if so, the extent of that discipline and its consequences. Those consequences are not necessarily restricted to the term for which the judge has been elected or retained when he engages in improprieties which require discipline. In most cases, when this Court acts to remove sitting justices or judges, the language of Section 18(1) itself bars them from further judicial service. In this instance, the electors have removed Judge Snyder from office. It is only this Court, however, which can sanction respondent for his conduct by finding him

ineligible hereafter to hold any judicial office. On this record, it is our duty to do so. It is so ordered. The recommendation of the Judicial Inquiry and Review Board is adopted and respondent's petitions are denied. 514 Pa. at 152-3, 523 A.2d at 298-9.

In this case, the departure of Judge Snyder from office as a result of losing a retention election, before the Supreme Court's final action, is analogous to the departure from office by resignation in *Glancey* and the departure from office by revocation of senior judge designation in *Shiomos*, both of which also occurred before final action by the Supreme Court.

Consistent with the decisions of this court in *Glancey* and *Shiomos*, we read the import of the Supreme Court's action in *Snyder I* to be that the Supreme Court's adoption of a recommendation for removal from office, as submitted by the JIRB, constitutes, in law, a removal from office under the terms of Pennsylvania Constitution art. V, § 16(c).

██ As the second issue in this case, Snyder also poses the question of whether SERB exceeded its authority in denying Snyder accrued pension benefits for judicial service given before his commission of improprieties. This court has already decided that same question adversely to the position of Snyder and the appellants in *Glancey* and *Shiomos*, and we follow those precedents.

The SERB order is affirmed.

## ORDER

NOW, August 9, 1989, the order of the State Employes' Retirement Board, dated October 13, 1988, in Case No. 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, is affirmed.

CRUMLISH, Jr., President Judge, did not participate in the decision in this case.

COLINS and SMITH, JJ., dissent.

McGINLEY, Judge, dissenting.

I dissent for the same reasons as set forth in my dissenting opinion in *Shiomos v. State Employes' Retirement Board*, 128 Pa. Commonwealth Ct. 39, 562 A.2d 969 (1989).