566 A.2d 323

Julian F. KING, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE EMPLOYES'
RETIREMENT BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 7, 1989.

Decided Oct. 31, 1989.

James E. Beasley and Kathleen A. Barrett, Beasley, Casey, Colleran, Erbstein, Thistle, Kline and Murphy, for petitioner.

Abbott A. Leban, Chief Counsel, for respondent.

Before DOYLE, BARRY, PALLADINO, McGINLEY and SMITH, JJ.

DOYLE, Judge.

Before this Court is an appeal by Judge Julian F. King (Petitioner) from an order of the State Employes' Retirement Board (Board) denying Petitioner's application for retirement benefits. The Board's order, which was entered without affording Petitioner notice and an opportunity to be heard, permitted Petitioner to withdraw his own contributions and the interest thereon, but denied the application in all other respects.

Although we have no findings in this case, the relevant facts are not in dispute. Pertinent for our purposes is that Petitioner was appointed to the Philadelphia Court of Common Pleas as a Judge in December of 1971. On December 30, 1971, he entered judicial office and on that same date became a member of the State Employes' Retirement Sys-

tem (System). He was then elected to a ten-year term in November of 1973 and reelected to another ten-year term in November of 1983. On July 20, 1988, the Pennsylvania Supreme Court directed that Petitioner be removed from judicial office. The court also ordered that Petitioner's salary cease from that date and that he be thereafter ineligible to hold judicial office. *See Matter of Cunningham*, 517 Pa. 417, 450, 538 A.2d 473, 490, *appeal dismissed sub nom. White v. Judicial Inquiry and Review Board,* — U.S. ——, 109 S.Ct. 36, 102 L.Ed.2d 16 (1988).[1] On May 17, 1988, Petitioner filed an application with the System seeking to withdraw a lump-sum amount equal to his accumulated deductions, *i.e.,* his own contributions including the statutory interest thereon, plus a reduced retirement allowance for life. The Board, without giving Petitioner notice or the opportunity to be heard, denied the application asserting that with the exception of Petitioner's own contributions to the System and the statutory interest on those contributions he was precluded from receiving his retirement benefits pursuant to Article V, Section 16(b) of the Pennsylvania Constitution. That Section provides:

> Justices, judges and justices of the peace shall be retired upon attaining the age of seventy years. Former and retired justices, judges and justices of the peace shall receive such compensation as shall be provided by law. *No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under article six.* (Emphasis added.)

Petitioner was removed from office pursuant to Article V, Section 18, which provides that the Judicial Inquiry and Review Board (JIRB) may, after investigation, conduct a

---

**1.** Petitioner was removed from office because the Pennsylvania Supreme Court determined that he had, for three consecutive years, accepted cash gifts from a roofers union and for one year failed to report the receipt of the gift on his Statement of Financial Interest. The court concluded that his acceptance of the gifts offended the concept of judicial impartiality and that his failure to report the gift demonstrated "his cognizance that his actions were improper." *Id.,* 517 Pa. at 440, 538 A.2d at 485.

hearing concerning, *inter alia*, the suspension or removal of a judge. If, subsequent to the hearing, JIRB finds good cause, it may recommend to the Supreme Court that a judge be suspended or removed from judicial office. The Supreme Court is then to consider the record, but it may also take additional evidence. The court then imposes the discipline, if any, which it believes is warranted. Section 18(h) specifically provides that once suspension or removal is ordered, the judge's "salary shall cease from the date of such order."

■ The question we are called upon to decide is whether Section 16(b) precludes Petitioner from receiving his retirement benefits other than his own contributions with interest. Numerous arguments are presented by Petitioner that benefits were improperly denied to him. First, Petitioner maintains that the Board acted in excess of its powers and usurped the exclusive function of the Supreme Court of Pennsylvania in denying him his retirement benefits. In substance, Petitioner maintains that Article V, Section 18 of the Pennsylvania Constitution vests in the Pennsylvania Supreme Court exclusive power to remove or otherwise sanction members of the judiciary for misconduct in office. He argues, therefore, that the Board, in denying him certain retirement benefits, imposed a "sanction" upon him that only the Supreme Court could impose and that such action was beyond the Board's authority.

While we agree that a sanction was imposed, we reject the contention that the Board acted impermissibly in doing so. Nothing in Article V, Section 18 suggests in any way that the Supreme Court is to decide in the course of Section 18 proceedings the question of retirement benefits. In contrast, the provisions of Sections 5905–5907 of the State Employees' Retirement Code (Code), 71 Pa.C.S. §§ 5905–5907, expressly dictate that applications for retirement allowances are to be filed with the Board. Further, disbursements may not be made except upon requisition presented to the State Treasurer signed on behalf of the Secretary of the Board. Section 5931(d) of the Code, 71 Pa.C.S.

§ 5931(d). It is thus apparent to this Court that the question of whether Petitioner is entitled to retirement benefits, is in the first instance, to be presented to the Board. And, inasmuch as Article V, Section 18 of the Pennsylvania Constitution does not indicate that the Supreme Court is to decide, as a threshold issue, questions pertaining to employee benefits, which questions may arise in light of Article V, Section 18 disciplinary procedures, we hold that the Board's determination does not impermissibly impinge upon the Pennsylvania Supreme Court's plenary powers.

█ Next, Petitioner argues that the denial of retirement benefits constituted an *increased* sanction upon him and that such escalation of punishment not only was beyond the Board's authority, an argument we have already rejected, but also is prohibited by the doctrines of collateral estoppel and res judicata. Petitioner reasons that because the Pennsylvania Supreme Court limited his punishment to removal from judicial office, termination of his salary, and permanent ineligibility to hold office again, the Board cannot act to increase that penalty by additionally denying him retirement benefits. He contends that in so doing the Board is relitigating the question of his punishment.

█ In order for the defense of res judicata to prevail there must be a concurrence of four conditions:

(1) Identity in the thing sued upon or for;

(2) Identity of the cause of action;

(3) Identity of persons and parties to the action; and

(4) Identity of the quality or capacity of the parties suing or sued.

*McCarthy v. Township of McCandless,* 7 Pa.Commonwealth Ct. 611, 617, 300 A.2d 815, 820 (1973). Petitioner seeks to characterize the JIRB proceedings as much broader in scope than they were. The focus of those proceedings was upon whether Petitioner had committed acts justifying removal from judicial office; the focus was *not* upon whether Petitioner was or was not entitled to retirement benefits. The *McCarthy* case makes it clear that there is identity of

causes of action when in both the old and the new proceedings the subject matter and the ultimate issues are the same. The question of whether Petitioner committed acts justifying removal from office is, quite simply, not the same as whether Petitioner is entitled to retirement benefits. Thus, the subject matter in the two cases is not identical. Certainly, the outcome of the retirement question may be dependent upon the other proceeding, but that does not mean that the two proceedings concerned themselves with either the identical subject matter or the identical ultimate issue.

The doctrine of collateral estoppel will act as a bar in the second action only as to those matters in issue that "(1) are identical; (2) were actually litigated; (3) are essential to the judgment ...; and (4) were 'material' to the adjudication." *McCarthy*, 7 Pa.Commonwealth Ct. at 619, 300 A.2d at 820–21. It is apparent that the question of Petitioner's entitlement to retirement benefits was not litigated in the JIRB proceedings nor would such issue have any bearing whatsoever on whether his conduct justified removal from office. Thus, the retirement benefit issue was neither essential to the judgment of the disciplinary proceedings nor material to the resultant adjudication. Further, while the denial of retirement benefits may be a sanction, nothing in Article V, Section 18 suggests that it is a sanction that must be considered during the JIRB proceedings anymore than the question of whether Petitioner should be denied unemployment compensation benefits on the basis of willful misconduct. Accordingly, we must conclude that the doctrine of collateral estoppel is not helpful to Petitioner in this case.

■ Next, Petitioner contends that Article V, Section 16(b) of the Pennsylvania Constitution does not authorize the denial of retirement benefits to him. In regard to this argument Petitioner asserts three things. First, he contends that had the delegates to the constitutional convention intended the term "compensation" to include retirement benefits they would have stated so more clearly in drafting

Section 16(b). Second, he contends that because Section 5955 of the Code, 71 Pa.C.S. § 5955, unequivocally provides that "[p]ension rights of State employees shall be determined *solely* by this part or any amendment thereto...." (emphasis added), the Board, by utilizing Article V, Section 16(b) as a basis for denying the benefits, acted in contradiction of Section 5955 and, hence, committed error. Third, Petitioner reasons that because Section 5955 provides that pension rights of state employees are to be determined solely by the Code and because the statutory terms of the Code are deemed to be contractually binding on the Commonwealth, *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984), the Board must determine Petitioner's entitlement to retirement benefits solely under the provisions of the Code and ignore the command of Article V, Section 16(b) of the Constitution.

Petitioner thus asserts that Article V, Section 16(b) as applied to him must be construed to avoid a contradiction with Section 5955 of the Code; in short, that the Constitution may not contravene the statute. Petitioner has the principle of law backwards. It is not the Constitution which must be reconciled with the Code; rather, it is the Code, mere statutory law, which is subordinate to the Constitution and must be reconciled with the supreme law of the Commonwealth. Of course, an interpretation which is reasonable and which would uphold the provision in the Code is desirable, but this Court refuses to accept an argument that it must construe a statute in such a way as to give it greater effect than the Constitution.

Having now set forth the fundamental premise that the Constitution is supreme, we consider Petitioner's argument that "compensation" as used in Article V, Section 16(b) is not meant to include retirement benefits. The Board, in a scholarly analysis in its brief, explains that the delegates serving on the Constitutional Convention's Subcommittee on Retirement and Post–Retirement of Judges of the Committee on the Judiciary considered the question of whether pensions should be dealt with in the Constitution. Four

members of the subcommittee recommended that language be inserted into the Constitution stating:

> Section 1. Justices and Judges of all courts shall be retired at the age of 70 years. Former Justices and Judges shall receive such compensations [sic] as shall be prescribed by the General Assembly. No compensation shall be paid to any Justice or Judge who is removed from office.

Two other members of the subcommittee recommended an alternate proposal which would have provided that the total *"compensation"* paid to a justice or judge *after retirement* be limited to seventy-five percent of his last "salary." The proposal provided that "[t]he total compensation paid to a justice or judge after retirement, exclusive of the portion of his benefits under the State Employes' Retirement Fund which has been earned by his own contributions, shall not exceed seventy-five percent of his last salary." That proposal also contained the following clause, "No *compensation* after his removal shall be allowed to any justice or judge who has been removed from office for malfeasance or misfeasance" (emphasis added). Under both proposals of the subcommittee it is clear that in using the term "compensation" the subcommittee had in mind not merely salary but pension benefits as well. In a memorandum circulated to the delegates by the co-chairmen of the Committee on the Judiciary, Gustave G. Amsterdam and William W. Scranton, in explanation of the revised Judiciary Article, they advised the delegates, "[T]he mandate that no compensation shall be paid to a judge removed from office under Section [18] or pursuant to Article VI, the impeachment proviso, is an exception to the grant of legislative discretion in the payment of retirement compensation." Interestingly, two days before the end of the Constitutional Convention a subcommittee on style and drafting changed the word "compensation" to "salary." The Convention specifically acted to change the term back to "compensation" and to correct this mistake as the floor debates disclosed. The comments of

Delegate Barry.[2] reveal:

> Mr. President, this language was taken out by Style and Drafting. We think it is a substantive change and we ask that it be reinstated. Delegate Curran and myself as co-chairmen of the sub-committee recommend this, and it is with the consent of Delegate Amsterdam and Governor Scranton.
>
> We feel if there is an order by the Supreme Court for suspension or removal of a judge, this states, the suspension or removal shall take effect as of the date of that order. It provides the salary shall cease from the date of that order. This is not taken care of by language in the retirement section....

*II Journal of the Constitutional Convention* 1373, Feb. 29, 1968. Accordingly, the amendment was accepted, and "salary" was changed back to "compensation." This interesting slice of our Commonwealth's history demonstrates that the drafters clearly intended compensation to include retirement benefits.

Judge Barry,[3] in his opinion in support of affirmance in *Glancey v. State Employes' Retirement Board,* 126 Pa. Commonwealth Ct. 457, 560 A.2d 263 (1989), not surprisingly, reached the same result. He wrote:

> Article V, Section 16(b) provides that no judge removed or suspended under Section 18 shall be paid *compensation.* Section 18(h) provides that upon an order of removal or suspension, the judge's '*salary* shall cease from the date of such order.' (Emphasis added.) We believe the use of the two terms (salary and compensation) is significant. 'Compensation' is defined as 'payment ... for service rendered.' Webster's Third New International Dictionary 463 (1966). 'Salary', on the other hand, is defined as 'fixed compensation paid regularly (as by the year, quarter, month or week) for services....' *Id.* at 2003. A review of these definitions shows that 'salary' is a part of a total compensation package, more specifically, *present*

**2.** Delegate Barry is Judge Francis A. Barry now of this Court.
**3.** See *supra* note 2.

compensation. Public retirement benefits, again, are *deferred* compensation. Once a judge is removed and therefore has forfeited his office, no more services may be rendered and no more salary can be due. It necessarily follows that the section 16(b) prohibition against paying 'compensation' to a removed judge must refer to deferred compensation, i.e. retirement benefits. That a judge makes contributions to a retirement fund out of salary troubles us not, as those contributions plus statutory interest will be returned to the errant jurist. In light of our view of the meaning of the Constitution, we believe Glancey's argument that retirement pay is not compensation is meritless.

*Glancey,* at 462–463, 560 A.2d at 266. (Emphasis in original).

▮ Petitioner argues that because Section 5955 was added to the Code subsequent to the addition of Section 16(b) to the Constitution, retirement benefits must be decided solely by the provisions of the Code. Although we certainly concede that it might have been helpful had the language in Section 5955 contained some specific provision reconciling it with Section 16(b) of the Pennsylvania Constitution, we do not think the failure to do so necessarily places the two provisions in conflict. First, it is clear that the legislature could not by any act alter the provisions of the Constitution. Second, Petitioner cites no authority to us to demonstrate that the particular question of the applicability of Section 16(b) and its possible conflict with Section 5955 was specifically considered by the legislature when it amended the Code. Third, we believe that a reasonable reading of Section 5955 requires an interpretation that while benefits are to be determined solely on the basis of the provisions in the Code, the legislature did not intend a result that was unconstitutional and, therefore, did not intend that questions as to retirement benefits insofar as they are impacted upon by the Pennsylvania Constitution, be determined by avoidance of or in contradiction to that document. As Judge Barry opined in *Glancey:*

What Glancey fails to recognize is that Sections 16 and 18 of Article V constitute 'terms and conditions' upon which the receipt of retirement pay is premised. Put another way, at the time Glancey joined the system, [in 1969] that system provided that a judge could collect retirement pay unless he was removed from office under Section 18 of Article V. For that reason, Glancey's arguments concerning vested rights are meritless.

*Glancey,* at 463, 560 A.2d at 266. Accordingly, we hold that Section 5955 implicitly contains a limitation that Code benefits be granted only within constitutional limits. Thus, the application of Section 16(b) to Petitioner does not impair his contractual rights under the Code.

In his supplemental brief, Petitioner contends that Section 16(b)'s limitation on compensation relates exclusively to compensation for services to be performed in the future. He argues that retirement benefits are deferred compensation for past services, citing *Bellomini v. State Employees' Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982), and asserts that he has earned his retirement benefits based upon past services rendered. He thus contends that the Commonwealth is contractually bound to give him his benefits. This argument misses the point. The contract, if it authorizes an act in contradiction to the Constitution, would be unenforceable. The Code must be reasonably read as being limited by any relevant constitutional provisions. *Accord Glancey.* Thus, Petitioner's contract argument fails.

Petitioner next argues that he has an unqualified right to his vested retirement benefits despite his removal from office. He relies upon Section 5308(b) of the Code, 71 Pa.C.S. § 5308(b), which provides:

Any vestee or any active member or inactive member on leave without pay who terminates State service having ten or more eligibility points, upon compliance with Section 5907(f), (g) or (h) shall be entitled to receive an annuity.

Petitioner's argument, however, must again be considered in light of Section 16(b) of the Constitution and within the

context of the jurisprudential doctrine that the Constitution and not statutory law is supreme. His argument, therefore, must be rejected.

■■■ Next, Petitioner contends that the Board's denial of retirement benefits without prior notice and an opportunity to be heard constituted an unconstitutional deprivation of Petitioner's property rights without due process of law. In this case we must disagree.[4] As the Board correctly argues, Petitioner's situation does not involve a *pre* -judgment deprivation of a property right without a hearing such as that which the United States Supreme Court struck down on constitutional grounds in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), but rather a *post* -judgment sanction. Even Petitioner does not suggest that there are any facts in dispute which would require a hearing.[5] There is no dispute that Petitioner was removed from office. There is no dispute as to the number of days Petitioner served as a judge. There is no dispute as to the amount Petitioner paid into the System. Rather, what is in dispute are pure questions of law. Under such circumstances we do not believe a hearing is constitutionally required.

■■■ The final argument raised by Petitioner is that if in fact Section 16(b) is interpreted to prevent his receiving retirement benefits, he, as a member of the Judiciary, has then been denied equal protection of the law because no other group of state employees is subject to this sanction.

4. *Cf. White v. State Employes' Retirement System*, 129 Pa.Commonwealth Ct. 335, 565 A.2d 839 (1989) (remand necessary where judgepetitioner may have been entitled to certain benefits based upon other state service).

5. There is no doubt that retirement benefits constitute a property right. *Burello v. State Employes' Retirement System*, 49 Pa.Commonwealth Ct. 364, 411 A.2d 852 (1980). And, under Pennsylvania law, a property right cannot be "affected" without an adjudication. *See* Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101. Further, Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, provides that no adjudication "shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." We do not believe, however, that this provision is meant to apply in a situation where not a single legally relevant factual issue is in dispute.

Petitioner cites no authority which would indicate that judges belong to a "suspect" classification.[6] We hold that the applicable standard of scrutiny in this equal protection challenge is the rational basis test. *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Thus, Petitioner must demonstrate that the separate classification of judges is irrational. *Id.* Specifically, he must show that the voters, when ratifying Section 16(b) of the State Constitution, had no rational basis for believing that the forfeiture of a pension would constitute a deterrent against judicial misconduct, thereby creating a judicial class apart from other state employees that would be unconstitutional under the federal Constitution. Considering the unique role that judges play in our society and the fact that they should serve as an example of legal propriety for other state employees and citizens in general, we decline to rule that placing them in a separate classification was an irrational act.

Based upon the foregoing opinion, the order of the Board in the above-captioned matter is hereby affirmed.

## ORDER

NOW, October 31, 1989, the order of the State Employes' Retirement Board in the above-captioned matter is hereby affirmed.

CRUMLISH, Jr., President Judge, did not participate in the decision in this case.

SMITH, J., dissents.

6. We note that in *Klein v. State Employees' Retirement Board,* 521 Pa. 330, 555 A.2d 1216 (1989) (plurality opinion), Justice Larsen held that the interest of a judge in his pension rights was fundamental and required application of the strict scrutiny test. The viewpoint was not joined in by a majority of the Justices; in fact, Chief Justice Nix, Justice Flaherty and Justice Stout specifically rejected the notion that strict scrutiny was the appropriate standard. Inasmuch as the viewpoint of Justice Larsen does not represent the view of a majority of the Supreme Court it is not precedent and we decline to follow it.

McGINLEY, Judge, dissenting.

I respectfully dissent. As I stated in my dissenting opinion in *Shiomos v. State Employes' Retirement Board*, 128 Pa.Commonwealth Ct. 39, 562 A.2d 969 (1989) "while public retirement benefits are deferred compensation, it does not necessarily, nor reasonably follow that ... retirement benefits are 'compensation'" as that term is used in Article V, Section 16(b) of the Pennsylvania Constitution.