572 A.2d 1311

**Thomas N. SHIOMOS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1990.

Decided April 2, 1990.

F. Emmett Fitzpatrick, III, F. Emmett Fitzpatrick Law Offices, Philadelphia, for petitioner.

Abbott A. Leban, Chief Counsel, for respondent.

Before DOYLE, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Thomas N. Shiomos appeals from an order of the Pennsylvania State Employes' Retirement Board (Board) forfeiting his retirement benefits, effective June 29, 1988.

In addition to the facts that are more fully set forth in our opinion in *Shiomos v. State Employes' Retirement Board,* 128 Pa.Commonwealth Ct. 39, 562 A.2d 969 (1989) *petition for allowance of appeal granted,* 524 Pa. 636, 574 A.2d 76 (1990) the following facts are relevant. On July 8, 1978, the Public Employee Pension Forfeiture Act, Act of July 8, 1978, P.L. 752, *as amended,* 43 P.S. §§ 1311–1315 (Forfeiture Act), was enacted, effective retroactively to December 1, 1972. Following the enactment of this act, Shiomos ran for retention in November, 1981, and began serving a second term of office in January 1982.

After being removed from judicial office, Shiomos was convicted on two counts of extortion under the Hobbs Act,[1] in United States District Court, on June 29, 1988. On December 8, 1988, based upon the federal criminal convictions, the Board, pursuant to Section 3 of the Forfeiture Act, 43 P.S. § 1313, ordered Shiomos' retirement benefits forfeited as of June 29, 1988, *nunc pro tunc.* Shiomos appeals from the Board's December 8, 1988 order.

Shiomos raises one issue on appeal: whether the Forfeiture Act is an unconstitutional impairment of contract under Article 1, § 17 of the Pennsylvania Constitution as applied to Judge Shiomos. We conclude that it is not, and affirm the order of the Board.

1. 18 U.S.C. § 1951.

In *Baker v. Retirement Board of Allegheny County,* 374 Pa. 165, 97 A.2d 231 (1953) the supreme court held that a legislative body could not constitutionally alter the provisions of a retirement plan, but such a plan could be altered with the mutual consent of the individual entitled to benefits. In the case now before us, Shiomos consented to the application of the Forfeiture Act to his pension rights when he began serving his second term of office following his retention election and each time he accepted an assignment as a senior judge, following his retirement and his election to accept senior status.

The essence of Shiomos' argument is that the State Employees' Retirement Code, 71 Pa.C.S. §§ 5101–5956 (Retirement Code) is the only relevant statute. However, in *King v. State Employes' Retirement Board,* 129 Pa.Commonwealth Ct. 444, 566 A.2d 323 (1989) we held that a judge's pension rights are not determined solely by the provisions of the Retirement Code.

Section 3(c) of the Forfeiture Act, 43 P.S. § 1313(c) provides that "[e]ach time a public officer or public employee is elected, appointed, promoted, or otherwise changes a job classification, there is a termination and renewal of the contract for purposes of this act." Furthermore, the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693 (Act 142), amended the Retirement Code to provide that all benefits under the Retirement Code are subject to the provisions of the Forfeiture Act. 71 Pa.C.S. § 5953(a)(2). By voluntarily running for retention and accepting an additional term of office, Shiomos entered into a new contract for retirement benefits, *which included as one of its terms the forfeiture provisions.* The forfeiture provisions apply to all benefits under the Retirement Code because all prior contributions were, in effect, rolled over into the fund created under the revised contract.

In addition, each time Shiomos accepted an appointment as a senior judge, and accepted the benefits associated with the same, he entered into a new contract, which contained

the forfeiture provisions, which applied to all benefits under the Retirement Code.

Shiomos' actions show a mutual consent to the application of the Forfeiture Act to his pension benefits. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, April 2, 1990, the order of the Pennsylvania State Employes' Retirement Board in the above captioned matter is affirmed.

CRUMLISH, Jr., President Judge, did not participate in the decision in this case.

McGINLEY, J., dissents.