SHEVIN, Judge.
James Nabors appeals a summary final judgment in his action against Miami-Dade County to recover unpaid sick leave and unpaid annual leave accrued through the date of his resignation from County employment. We affirm in part and reverse in part.
Nabors was employed by the Dade County Aviation Department. On the day Nabors resigned, he was arrested and charged with accepting unlawful compensation. Nabors pled guilty to reduced, misdemeanor charges. Nabors requested but was denied his accrued annual and sick leave. Nabors sued to collect same. The County moved for, and the trial court granted summary judgment finding that under common law “honorable service is a pre-condition to post-separation benefits,” as codified by Dade County Ordinance 98-34. Nabors appeals.
We affirm the trial court’s summary judgment as to Nabors’ claim for unpaid sick leave. The Miami-Dade County Leave Manual, section 2.08.01, provides: “Employees with Full-time service and who retire or resign in good standing are eligible to receive payment for accrued Sick Leave at the time of separation.” (Emphasis added). This section makes departure in good standing from County employment a pre-requisite to collecting accrued sick leave. Nabors did not depart in good standing; there was a pending investigation against him and he was arrested later that day. Summary judgment on this claim was proper.
The foregoing notwithstanding, the summary judgment on the denial of annual leave benefits must be reversed. We agree with Nabors’ contention that he cannot be denied annual leave based on a “good standing” or honorable service provision. The Leave Manual contains no similar language in reference to annual leave,[1] and contrary to the County’s protestations, there is no common law of Florida requiring good standing as a pre-condition to receiving accrued benefits.
We are unpersuaded by the County’s argument that summary judgment is proper under Miami-Dade County Ordinance 98-34, section 3.[2] The ordinance be *636 came effective on February 28, 1998. Nabors has not requested any leave accumulated beyond, that date. There is no express legislative statement that the ordinance applies retroactively, see Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla.1996), and we will not retroactively apply it to Nabors. “However greatly we might feel outrage that a government official would use public employment for criminal purposes, we can not uphold a punishment devised after the fact.” Burello v. Pennsylvania State Employees’ Ret. Sys., 49 Pa.Cmwlth. 364, 411 A.2d 852, 855-56 (1980).
We therefore affirm the summary judgment denying Nabors’ claim for accrued sick leave benefits, and reverse the denial of accrued annual leave. The case is remanded with instruction to award Nabors the latter.
Affirmed in part; reversed in part.

. Section 1.08.03, Miami-Dade County Leave Manual, provides: "Employees who have completed 13 Creditable Pay Periods will be paid for unused Annual Leave at the time of separation."

. Section 3 provides: "Any County Officer or employee who is found by a court of competent jurisdiction to have committed while in county service an offense involving a breach of the public trust shall forfeit all rights to *636 payment for accumulated sick and annual leave.”